UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA AYRES, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>METLIFE, INC.,<br><br>    Defendant. | Case No. 21-cv-08523-JSC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 27 |

Plaintiffs Rebecca L. Ayres, Vanessiah Ayres, and Anthony R. Durgans, proceeding without being represented by an attorney, filed a "Complaint for Reopening Case" against Defendant Metropolitan Life Insurance Company ("MetLife"). (Dkt. No. 1.)[1] Plaintiffs challenge the result in *Metropolitan Life v. Ayres*, et al., 4:99-cv-04323-SBA, which was filed in this District in 1999.[2] Plaintiffs seek an order determining that *Metropolitan Life v. Ayres* "be reopened under FRCP Rule 60(b) or establishing an independent action to relieve the Plaintiffs under FRCP 60(c)." (Dkt. No. 1 ¶ 41.) The matter is before the Court upon Defendant's Motion to Dismiss. (Dkt. No. 27.) The Court held a hearing to consider the motion on June 2, 2022. Plaintiffs did not appear. After carefully considering the briefing, the Court GRANTS Defendant's motion to dismiss for the reasons explained below.

//

//

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

[2] The Court takes judicial notice of the docket (the "1999 Docket") in *Metropolitan Life v. Ayres*. *See Headwaters Inc. v. United States Forest Service*, 399 F.3d 1047, 1051 n.3 (9th Cir. 2005) (taking judicial notice of docket in another case).

# BACKGROUND

## I. Factual Background

This matter arises from a dispute over the life insurance policy of Robert T. Ayres, Jr. ("Ayres Jr.").[3] Ayres Jr. was a federal employee. In 1984, Ayres Jr. received an honorable discharge from the United States Navy. (Dkt. No. 1 ¶ 8.) Ayres Jr. then began service as a mail handler for the United States Postal Service in Petaluma, California. (*Id.*) In 1990, Ayres Jr. filled out Form 2823–a life insurance designation form under the Federal Employees' Group Life Insurance Program ("FEGLI"). (*Id.* ¶ 9.) Ayres Jr. designated "Robert Ayres, Sr., Joan A. Ayres, Phillip W. Ayres, Claudia Ayres-Brown, and Georgia A. Minnifield" (collectively, the "Designated Beneficiaries") as beneficiaries for that policy. (*Id.*)

Ayres Jr. married plaintiff Vanessiah Ayres in 1992. (*Id.* ¶ 10.) In 1993, Ayres Jr. and Vanessiah Ayres had a daughter—plaintiff Rebecca Ayres. (*Id.* ¶ 11.) Shortly thereafter, Ayres Jr. "conveyed Vanessiah A. Ayres an unofficial copy of the 1993 version of Form 2823 and promised to provide an official copy." (*Id.* ¶ 12.) He stated that "there was something on the 1990 version that he wanted to correct first prior to showing." (*Id.* ¶ 13.)

Subsequently, Ayres Jr.'s health began to deteriorate. (*Id.* ¶ 14.) In 1997, he suffered his first heart attack. (*Id.* ¶ 15.) In 1998, he booked an appointment to make an official change to his Form 2823 to update the designated beneficiaries. (*Id.* ¶ 16.) However, Ayres Jr. passed away in April 1998 without making any official change to his designated beneficiaries. (*Id.* ¶ 17.) After Ayres Jr.'s death, Vanessiah Ayres and her minor children "experienced financial instability as a direct result of [his] passing; intermittently living between public shelters and apartment communities." (*Id.* ¶ 22)

## II. Metropolitan Life v. Ayres

In September 1999, MetLife filed an interpleader complaint, seeking declaratory judgment in favor of the Designated Beneficiaries with respect to Ayres Jr.'s FEGLI policy. (*Id.* ¶ 29.) In

---

[3] The following allegations are taken from the Complaint and accepted as true for the purposes of deciding this Motion only. *Manzarek v. St. Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

that case, MetLife named five "Minor Defendants"—Rebecca Ayres, Rachel Ayres, Chrystal Ayres, Victoria Ayres, and Anthony Ayres. MetLife also named Vanessiah Ayres as a defendant, both as guardian for the Minor Defendants and individually. (*See* 1999 Dkt.)

In August 2000, MetLife moved for entry of default with respect to the Minor Defendants and for an order appointing a new representative for the Minor Defendants. (1999 Dkt. No. 47.) The Court granted that motion and appointed Thomas Durgans, Jr. as the guardian ad litem for the Minor Defendants. (1999 Dkt. No. 55.) In 2001, the Court entered default judgment against Vanessiah Ayres, approved a "petition for compromise of minors' claim" in the sum of $500.00 each to the Minor Defendants, granted declaratory judgment in favor of the Named Beneficiaries, and closed the case. (1999 Dkt. Nos. 69, 80.)

Plaintiffs contend that Vanessiah Ayres was not sufficiently notified of those proceedings because "court notices were returned to sender; proceedings occurred at a time in which the Plaintiff was experiencing a crisis as a young widow with five minor children; and [Vanessiah's] attorney withdrew representation in the middle of the civil action." (Dkt. No. 1 ¶ 32.)

In 2010, Thomas Durgans told Rebecca Ayres and Anthony Durgans that their grandparents—Robert Ayres Sr. and Joan Ayres—had prepared a $500 gift for each of them. (*Id.* ¶¶ 23–24.) Plaintiffs collected the $500 but contend that Thomas Durgans and their grandparents "misrepresented the nature of the [$500], which prevented the plaintiffs from preserving their legal entitlements upon reaching the age of majority." (*Id.* ¶ 34.)

In 2020, Rebecca Ayres discovered *Metropolitan Life v. Ayres* while searching on the PACER court database. (*Id.* ¶ 26.) She received the case records in June 2021. Plaintiffs filed this suit on November 1, 2021. (Dkt. No. 1.)

**DISCUSSION**

Plaintiff requests that the Court reopen *Metropolitan Life v. Ayres* under Federal Rule of Civil Procedure 60(b). (*Id.* ¶ 42.) Alternatively, Plaintiffs seek to establish an independent action relieving Plaintiffs from the earlier judgment. (*Id.*) Plaintiffs argue that the 1990 version of Form 2823 did not reflect Ayres Jr.'s intent and request damages of $258,400, plus interest—the amount MetLife conveyed to the Named Beneficiaries. (*Id.*) MetLife moves to dismiss under Federal

3

Rule of Civil Procedure 12(b)(6) for failure to state a claim.

The Court has jurisdiction. An independent action under Rule 60(b) brought in the same court as the original lawsuit does not require an independent basis for jurisdiction. *United States v. Beggerly,* 524 U.S. 38, 47 (1998).

## I. Failure to State a Claim

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Mar. Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."), *cert. denied*, 132 S. Ct. 2101 (2012). The court must be able

to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663–64.

When a plaintiff proceeds without representation by an attorney, the court must "construe the pleadings liberally ... to afford the petitioner the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (internal quotation marks and citation omitted). Nevertheless, the Court may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiffs seek a judgment "determining either the case *Metropolitan Life v. Ayres* (1999) be reopened under FRCP Rule 60(b) or establishing an independent action to relieve Plaintiffs under FRCP 60(c)." (Dkt. No. 1 ¶ 41.) Subsequent briefing has clarified that Plaintiffs intended to cite Rule 60(d), not Rule 60(c). (*See* Dkt. No. 43 at 12.) Because Plaintiffs have not met their burden to obtain relief under either rule, the Court GRANTS Defendant's motion to dismiss.

### A.     Rule 60(b) Relief

Plaintiffs argue for relief under Federal Rule 60(b)(1) through (3).[4] (Dkt. No. 1 ¶¶ 32–34.) Rule 60(b)(1) through (3) provides:

> On Motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.

Fed. R. Civ. P. 60(b). Under Rule 60(c), a motion under Rule 60(b) "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

---

[4] "Rule 60(b) is typically applied through a noticed motion in the underlying action," but "a party may bring an independent action in equity to set aside a judgment." *See U.S. Care, Inc. v. Pioneer Life Ins. Co. of Illinois*, 244 F. Supp. 2d 1057, 1061 (C.D. Cal. 2002).

The one-year deadline for relief has passed. Judgment in the underlying case became final on September 5, 2001. Plaintiffs had until September 5, 2002 to bring claims under Rule 60(b)(1) through (3). Thus, Plaintiffs cannot rely on Rule 60(b)(1), (2), or (3) here.

### B.     Independent Action in Equity

In the alternative, Plaintiffs request that the Court "establish[] an independent action to relieve the Plaintiffs." (Dkt. No. 1 ¶ 42.) Rule 60 "does not limit a court's power to (1) entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). Relief from an earlier judgment "must be granted only in instances of grave injustice," which go beyond the circumstances that would warrant an ordinary 60(b) motion. *Beggerly*, 524 U.S. at 45. This is a "demanding standard." *Id.* at 46. To assert an independent action for relief in equity, a plaintiff must demonstrate (1) that plaintiff has a meritorious claim or defense, (2) that the plaintiff is diligent and not at fault, (3) there is a lack of an alternative remedy, and (4) "that the judgment is manifestly unconscionable." *Wilson v. Leigh Law Grp., P.C.*, 2020 WL 3972574, at *2 (N.D. Cal. July 14, 2020). The first and second factors are dispositive here.

To state a meritorious claim, a plaintiff must make allegations that, if established at trial, would constitute a valid claim. *U.S. Care, Inc. v. Pioneer Life Ins. Co. of Illinois*, 244 F. Supp. 2d 1057, 1062 (C.D. Cal. 2002). Plaintiffs admit that Ayres Jr. never formally updated his designated beneficiaries on Form 2823. (Dkt. No. 1 ¶¶ 16-17.) Instead, Plaintiffs argue that the Form 2823 was outdated and cite to "the rules of community property" to argue that MetLife wrongly paid benefits to the Designated Beneficiaries. (Dkt. No. 1 ¶ 37.) In their Opposition to this motion, Plaintiffs argue for the first time that MetLife's payments to the Designated Beneficiaries violated 5 U.S.C. § 5582.

The Federal Employees' Group Life Insurance Act of 1954 (the "FEGLI Act") governs FEGLI policies, not 5 U.S.C. § 5582 or state common law. *See* 5 U.S.C. § 8701 *et seq.* Section 8705(a) of the FEGLI Act provides an order of precedence for paying FEGLI benefits. Benefits are to be paid "[f]irst, to the beneficiary or beneficiaries designated by the employee in a signed and witnessed writing received before death in the employing office," and "second, if there is no designated beneficiary, to the widow or widower of the employee." 5 U.S.C. § 8705(a).

6

1	Because MetLife complied with this statute, Plaintiffs fail to meet their burden to state a meritorious claim. It is undisputed that Ayres Jr. designated beneficiaries in 1990 and that MetLife paid those named beneficiaries. (Dkt. No. 1 ¶ 35.) Plaintiffs argue that the 1990 form should be ignored because it "does not accurately reflect the intent of [Ayres Jr.] at the time of his passing because it was made before he married and had children." (Dkt. No. 1 ¶ 35.) The statute, however, does not make an exception for intent. Rather, in the FEGLI Act, Congress "spok[e] with force and clarity in directing that the proceeds belong to the named beneficiary and no other." *Hillman v. Maretta*, 569 U.S. 483, 494 (2013) (cleaned up). Thus, because MetLife paid in accordance with the FEGLI Act, Plaintiffs have not shown they have a meritorious claim to correct a "grave injustice" in the prior litigation. *Beggerly*, 524 U.S. at 45.

As to the diligence factor, the doctrine of laches applies here. "Laches is an equitable defense that prevents a plaintiff, who with full knowledge of the facts, acquiesces in a transaction and sleeps upon his rights." *Evergreen Safety Council v. RSA Network Inc.*, 697 F.3d 1221, 1226 (9th Cir. 2012) (cleaned up). To prove laches, the defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself. *Id.* When evaluating the length of a delay, the evaluation period begins when the plaintiff knew (or should have known) of her claim and ends with the initiation of the lawsuit in which the defendant seeks to invoke the laches defense. *Id.* In determining the reasonableness of the delay, courts look to the cause of the delay. *Id.* at 1227.

Here, the delay was not reasonable. Vanessiah Ayres was a party to and participated in the prior litigation. Thus, Vanessiah Ayres knew of her potential claims as early as 1999. The Court recognizes that Plaintiffs faced extreme hardships in the time period following Ayres Jr.'s passing. However, it has been over 20 years since the Court granted a default judgment against Vanessiah Ayres. While some delay is excusable under the circumstances, a 20-year delay was not reasonable under the law.

Moreover, the delay prejudiced MetLife. Prejudice occurs when a defendant "took actions or suffered consequences that it would not have, had the plaintiff brought suit promptly." *Id.* Here, MetLife distributed the benefits at issue in this case over 20 years ago. Had these claims been litigated in a prompt manner, MetLife could have withheld those payments pending the

resolution of Plaintiffs' claims.

In sum, Plaintiffs fail to state a claim upon which relief could be granted and Vanessiah Ayres' claims are also barred under the doctrine of laches.

## CONCLUSION

For the reasons explained above, the motion to dismiss Plaintiffs' Complaint (Dkt. No. 1) is GRANTED. As there is no basis for Plaintiffs to successfully amend their claims, the Court will not grant leave to amend and will instead issue a separate judgment.

This Order disposes of Docket No. 27.

**IT IS SO ORDERED.**

Dated: June 2, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge